**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                          )
**ANTHONY CABRAL,**                       )
                                          )
         **Petitioner,**                  )
                                          )
**v.**                                    )         **Civil Action No. 05-11069-PBS**
                                          )
**DAVID NOLAN,**                          )
                                          )
         **Respondent.**                  )
_____  )

**RESPONDENT'S RESPONSE TO PETITIONER'S**
**MOTION FOR ADDITIONAL TIME WITHIN WHICH TO RESPOND TO MOTION**
**TO DISMISS AND FOR THE COURT'S CLARIFICATION OF ITS**
**ORDER OF JULY 1, 2005**

Respondent David Nolan (the "Respondent") hereby submits this response to the Motion

for Additional Time Within Which to Respond to Motion to Dismiss and for the Court's

Clarification of Its Order of July 1, 2005 (the "Motion for Additional Time") filed by Petitioner

Anthony Cabral (the "Petitioner"), an inmate at the Massachusetts Correctional Institution at

Cedar Junction ("MCI - Cedar Junction").  The Respondent assents in part to the Petitioner's

request for additional time and agrees that parties' briefing concerning the merits of his Habeas

Corpus Petition (the "Petition") should be continued until after a decision is rendered on the

Respondent's Motion to Dismiss Petition.

**BACKGROUND**

The Petition was filed on May 20, 2005.  Therein the Petitioner challenged his January

11, 2002 conviction for unarmed robbery in the Bristol County, Massachusetts, Superior Court

on the grounds that his "4th and 14th Amendment rights were violated when evidence obtained

pursuant to an unconstitutional search and seizure was relied upon to find him guilty."  (Pet. ¶

12.A.)  On June 30, 2005, the Respondent filed a Motion to Dismiss Petition, in which he argued

that the Petition cannot be entertained, because it is predicated entirely on allegations that the

Petitioner's rights under the Fourth Amendment to the United States Constitution were violated.

(Resp't's Mot. Dismss; Resp't's Mem. Supp. Mot. Dismiss.)  The following day, this Court

entered an Order directing the Petitioner to file a brief in support of his Petition by August 1,

2005, and directing the Respondent to file a brief in opposition to the Petition by September 1,

2005.  (Order of July 1, 2005.)  On July 14, 2005, the Respondent filed his Motion for Additional

Time, in which he requested an enlargement of sixty days within which to respond to the Motion

to Dismiss Petition and asserted that "[i]n light of the fact that the Respondent filed a motion to

dismiss the petition on June 30, 2005, it seems that the Petitioner should be responding to the

motion to dismiss, rather [than] filing a memo in support of the habeas petition."  (Pet'r's Mot.

Additional Time.)

## ARGUMENT

**I.**     **The Respondent assents in part to the Petitioner's request for additional time.**

The Respondent is sensitive to the grounds advanced in the Petitioner's Motion for

Enlargement and thus assents to his request for an additional sixty days within which to respond

to the Motion to Dismiss Petition.

**II.**    **The interests of judicial economy and both parties warrants a continuance of the parties' briefing on the merits until after a decision is rendered on the Motion to Dismiss Petition.**

The Respondent agrees with the Petitioner's assertion that the parties' briefing

concerning the merits of the Petition should be continued until after a decision is rendered on the

Motion to Dismiss Petition.  The Respondent thus proposes that the deadline for the Petitioner's

brief be extended to sixty days following the issuance of a decision on the Motion to Dismiss

Petition, unless that motion is allowed, and that the deadline for the Respondent's brief be

adjusted accordingly.

Such a postponement of briefing would be consistent with the procedures contemplated

by the Rules Governing Section 2254 Cases (the "Habeas Corpus Rules").  The Advisory

Committee Notes to Habeas Corpus Rule 5, which governs responses to petitions, states as

follows:

> The revised rule does not address the practice in some districts, where the
> respondent files a pre-answer motion to dismiss the petition.  But revised
> Rule 4 permits that practice and reflects the view that if the court does not
> dismiss the petition [after preliminary review], it may require (or permit)
> the respondent to file a motion.

Habeas Corpus Rule 5 advisory comm. notes to 2004 am.  The filing and disposition of a pre-

answer motion to dismiss is also provided for under Federal Rule of Civil Procedure 12(b)(6),

which may be applied to this proceeding pursuant to Habeas Corpus Rule 11.  Habeas Corpus

Rule 11 ("The Federal Rules of Civil Procedure, to the extent they are not inconsistent with any

statutory provisions or these rules, may be applied to a proceeding under these rules.").

It is well-established that "an affirmative defense may be adjudicated on a motion to

dismiss for failure to state a claim," provided that "the facts that establish the defense [are]

definitively ascertainable from the allegations of the complaint, the documents (if any)

incorporated therein, matters of public record, and other matters of which the court may take

judicial notice . . . [and] the facts so gleaned . . . conclusively establish the affirmative defense."

In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003); see also Blackstone

Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001) (noting well-settled concept that

"affirmative defenses . . . may be raised in a motion to dismiss an action for failure to state a

claim.").  Indeed, such motions are the proper method for testing the legal sufficiency of an

initial pleading.  Hall v. Virginia, 385 F.3d 421, 427 (4th Cir. 2004) ("[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint."); Kingman Park Civic Ass'n v. Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003) ("A Rule 12(b)(6) motion is intended to test the legal sufficiency of the complaint."); Riddle v. Egensperger, 266 F.3d 542, 550 (6th Cir. 2001) ("[A] motion to dismiss for failure to state a claim upon which relief can be granted . . . tests the legal sufficiency of the plaintiff's complaint."); De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 69 (2nd Cir. 1996) ("'A motion to dismiss is designed to test the legal sufficiency of the complaint, and thus does not require the Court to examine the evidence at issue.'" (quoting Carey v. Mount Desert Island Hosp., 910 F. Supp. 7, 9 (D. Me. 1995)); In Re Healthcare Compare Corp. Secs. Litig., 75 F.3d 276, 279 (7th Cir. 1996) (referring to "motions to dismiss that test the legal sufficiency of a complaint"); Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1084 (5th Cir. 1984) ("Of course, a motion to dismiss under Rule 12 is the proper method of testing the legal sufficiency of the complaint."); North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983) ("The purpose of a motion to dismiss under rule 12(b)(6) is to test the legal sufficiency of the complaint."); Peck v. Hoff, 660 F.2d 371, 374 (8th Cir. 1981) ("A motion to dismiss under Rule 12(b)(6) is the usual and proper method of testing the legal sufficiency of the complaint.").

Dismissal may be granted where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also, e.g., Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (stating that dismissal may be allowed where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); In re Colonial Mortgage Bankers Corp., 324 F.3d at 15 (indicating that dismissal is allowable "if the plaintiff's factual

averments hold out no hope of recovery on any theory adumbrated in [his] complaint"); <u>Berner v. Delahanty</u>, 129 F.3d 20, 25 (1st Cir. 1997) (stating that decision on motion to dismiss requires determination of "whether the pleading encompasses any set of facts that would entitle the plaintiff to relief"); <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 52 (1st Cir. 1990) (stating that dismissal is allowable "if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory"), <u>overruled on other grounds by</u> <u>Educadores Puertorriquenos en Accion v. Hernandez</u>, 367 F.3d 61 (2004).

In this case, the Respondent demonstrated in his Motion to Dismiss Petition and supporting Memorandum that the Petitioner could not prevail in this habeas corpus action.  His Petition is predicated entirely on a claim that evidence obtained in violation of his Fourth Amendment rights was used to convict him.  (Pet. ¶ 12.A.)  It is beyond dispute that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus belief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  <u>Stone v. Powell</u>, 428 U.S. 465, 481-96 (1976); <u>accord</u> <u>Sanna v. DiPaolo</u>, 265 F.3d 1, 8-10 (2001) ("<u>Stone</u> thus stands for the proposition that a federal habeas court ordinarily cannot revisit a state court's disposition of  a prisoner's Fourth Amendment claims.").  As the Respondent established, the state courts clearly afforded the Petitioner an opportunity for full and fair litigation of his claim – and one that was little different from the opportunity given the petitioner in <u>Sanna</u>.  (Resp't's Mot. Dismiss Pet.; Resp't's Mem. Supp. Mot. Dismiss Pet.)  The Petitioner's action is thus not cognizable and should be dismissed.  <u>Stone</u>, 428 U.S. at 481-96; <u>Sanna</u>, 265 F.3d at 8-10.

If the Motion to Dismiss Petition is allowed, the need for additional litigation activity will be obviated. Accordingly, the interests of judicial economy and of both parties will be advanced by suspending further briefing while the Motion to Dismiss Petition is pending.

## CONCLUSION

For the foregoing reasons, the Respondent assents to the Petitioner's request for an additional sixty days within which to respond to the Motion to Dismiss Petition. The Respondent further proposes that this Court extend the deadline for the Petitioner to file his brief in support of his Petition to sixty days following the issuance of a decision on the Motion to Dismiss Petition, unless that motion is allowed, and should extend the Respondent's deadline to file his brief in opposition to the Petition accordingly.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

/s/ Randall E. Ravitz
Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2852

Dated:  July 25, 2005

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served on July 25, 2005, by first-class mail, postage prepaid, upon:

Anthony Cabral
W-70469
MCI – Cedar Junction
P.O. Box 100
South Walpole, MA  02071

pro se

<u>/s/ Randall E. Ravitz</u>
Randall E. Ravitz