UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


ANTHONY CABRAL,
                    Petitioner,

V.                                          CIVIL ACTION
                                            NO. 05-11069-PBS

DAVID NOLAN,
                    Respondent.


PETITIONER'S OPPOSITION IN RESPONSE TO
RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT
OF HIS MOTION TO DISMISS


Now comes the petitioner (Anthony Cabral) and moves this

court pursuant to 28, U.S.C., §2254(d)(2) & (E)(1); Fed.R.Civ.P.

Rule 11, and Rules governing 7(A) & (B) and 8(A), hereby submits

this opposition in response to respondent's (Randall E. Ravite)

memorandum of law in support of his motion to dismiss petition,

In support of petitioner's request for this court to grant a

writ of habeas corpus and/or request for an evidentiary hearing

to resolve the claim, the petitioner submits documents relevant

to the issue of petitioner's exhaustion in the state courts

on the claim of illegal search into a pocketbook, located in

a bedroom, that the petitioner had an expectation of privacy

in at the time of the police officers illegal entry/arrest of

petitioner in the kitchen area, and tainted fruits seized

-1-

thereafter, being fruits of the poisonous tree in a dwelling home.[1]/ Rule 7(A) & (B) and Rule 11, material that may resolve factual disput without a hearing. See <u>Bracy v. Gramley</u>, 81 F.3d 684 (1996).

STATEMENT OF FACTS

The disputed facts are set out in the following argument, and the state's version of the facts are set out in respondent's memorandum of law attached to respodent's motion to dismiss the petition.[2]/

ARGUMENT

1.
<u>THE STATE COURT'S FAILURE TO GIVE THE<br/>PETITIONER A FULL AND FAIR CONSIDERATION OF HIS<br/>SEARCH-AND-SEIZURE CLAIMS, ON THE MERITS, IS IN VIOLATION OF THE<br/>FOURTH AND FORTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION</u>

Under §2254(d)(2) an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall  not be granted  with respect to any claim

─────────────────────

[1]/        Record appendix will be referred hereinafter as "(R. ___),"
which is attached hereto.

[2]/        The petitioner relies on the respondent's appendix accompanying
his motion to dismiss petition provided to this court on June 30, 2005,
hereinafter referred to as "(EX. ___, pp. ___)."

that was adjudicated on the merits in state court proceedings
unless the adjudication of the claim:

> (2) Resulted in a decision that was based on an
>     unreasonable determination of the facts in
>     light of the evidence presented in the state
>     court proceeding.

Under §2254(E)(1) in a proceeding instituted by an application
for writ of habeas corpus by a person in custody pursuant to
the judgment of a state court, a determination of a factual
issue made by a state court shall be presumed to be correct.
The applicant shall have the burden of rebutting the presumption
of correctness by clear and convincing evidence. A state court
decision may be overturned on factual grounds only if it's
determination of facts are "objectively unreasonable in the
light of the evidence presented in the state court proceeding."
See Miller-El v. United States, 537 U.S. 322, 340 (2003). In
Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992) not to bar federal
collateral review of petitioner's unaddressed Fourth Amendment
claim, the petitioner must be heard on the merits of his claim.

The petitioner argues that the state courts ignored the
Fourth Amendment claim, based on the search in a dwelling home.
On august 21, 2000, attorney Stephen C. Nadeau filed a motion to
suppress evidence (EX. G). Nadeau makes an argument only to the
Fourteenth Amendment to the United States Constitution and
all other applicable provisions of said Constitution.$\frac{3}{}$ In

---

$\frac{3}{}$     Nadeau did not mention the Fourth Amendment, however Justice
Daniel F. Toomey made findings on the search of the motor vehicle. See
endorsements on (EX. I).

-3-

November 2000, attorney Stephen C. Nadeau filed a memorandum
of law in support of his motion to supress evidence. (EX. H,
pp.1-7).

In determining if attorney Nadeau exhausted the petitioner's
trial court remedies, the petitioner must show that federal
claim was "fairly presented" to the state courts. Picard v.
Comer, 404 U.S. 270, 275-277 (1971); Gibson v. Scheidemantal,
805 U.S. 135, 138 (1986). Both the legal theory and the facts
on which the federal claim rests must have been presented to
the state courts. Id.

The petitioner provided this court with a synopsis of Nadeau's
memorandum of law in support of the first motion to suppress,
to show exhaustion in the trial court. (EX. H, pp. 3-7).


ON THE CONSENT ISSUE:

Attorney Nadeau argues as follows:

> "The court must determine whether the entry into,
> and search of, John Kazen'z residence was consensual.
> Only Kazen or the defendant could give valid consent
> for a search... However, Kazen's testimony is that
> the entry and search were conducted contrary to his
> express protestation... The police would have the
> court believe that they wanted to gain his consent
> to return to continue the search... And were attempting
> to justify the search retroactively...."


EXIGENT CIRCUMSTANCES ISSUE:

> "... Further, there is no indication that there was
> any ongoing threat to others at the time the search
> took place... On all the credible evidence, the

-4-

> Commonwealth has not met its burden in proving that
> the police were justified in their warrantless entry
> into the apartment, and the subsequent arrest of the
> defendant and search of the premises...."

## SCOPE OF THE SEARCH ISSUE:

> "...The purpose of an emergency entry in the residence
> is not to search for evidence of the crime. A search
> incident to arrest is not permitted beyond the area
> from which the arrestee might obtain a weapon or
> destroy evidence. Kazen testified, credibly that the
> officers immediately began to walk throughout the
> apartment. He protested numerous times. As stated
> earlier, the police did not have consent to search
> the apartment...."

Nadeau further argues:

> "There is simply no justification for the seizure
> and examination of the pocketbook."

(EX. H, p.6).

In the past the Supreme Court of the United States has
held that the examination of items (pocketbook) was lawful
because the officers had not alter the Fourth Amendment. It
was the search into the interior of the item (pocketbook) that
would alter the Fourth Amendment to the United States Constitution,
not the exterior (examination) of the said item (pocketbook).

Why Nadeau choose to state the word examination is unknown
to petitioner, but this court should not be detoured in
determining exhaustion. Throughout Nadeau's memorandum of law
he clearly contested the search in the dwelling home of John
Kazen.

In United States v. Jimenez, 864 F.2d 686 (1988)(... merely

-5-

inspecting [examination of exterior] parts of the object that
come into view lawfully does not constitute search). See also
Arizona v. Hicks, 480 U.S. 321 (1987); and Texas v. brown, 460
U.S. 730, 738-740 n.4 (1982).

There is nothing to suggest that the trial court had
insufficient control without the use of the word "search" over
the word "examination" in Nadeau's memorandum of law. (EX. H,
p.6). Not to suppress the illegal search of the pocketbook and
fruits of the poisonous tree in the dwelling home. See Anderson
v. Butler, 886 F.2d 114 (5th Cir.1989). In Nadworney v. Fair,
872 F.2d 1093 (1989) the Court of Appeals held that citing state
decisions interpreting federal law in the state court fairly
presented the federal issues to the state court for exhaustion
purposes.

Nadeau concluded as follows:

> "... It is clear that discovery of these items was
> the result of a search which, under the circumstances,
> was impermissible...."

## CONCLUSION:

> "...Furthermore, the warrant was largely based upon
> the information and evidence obtained from the illegal
> searches and arrest, and therefore is the 'fruit of
> the poisonous tree.'"

See (EX. H, 1-7).

On December 14, 2000, the Superior Court denied the
suppression motion and made an inadequate finding of facts. See

Justice Daniel F. Toomey's endorsements as follows:

> "... And having found that items seized in the apartment
> were obtained incident to the lawful arrest...."

(EX. I) Omitting the search claim.

In <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410
U.S. 484, 490 (1973) the Supreme Court ruled that (equally
as important, federal claims that have been fully exhausted
in state courts will more often be accompanied by a complete
factual record to aid the federal courts in their review). This
was not done in the case at bar.

On August 27, 2001, the petitioner filed a motion for
reconsideration from the denial of his motion to suppress evidence,
making a Fourth Amendment claim (R. 1). The petitioner had argued
in the Superior Court, in a memorandum of law in support of
the unlawful search into the pocketbook found in a bedroom where
the petitioner was lawfully located (R. 2-13). On August 30,
2001, the reconsideration motion was allowed and again denied
without finding of facts and ruling of law (EX. B, p.6, Docket
No.44). Clearly showing exhaustion in the trial court on the
merits/claim.

On December 2, 2003, the petitioner filed First Supplemental
Brief, case No. 2003-P-397, in the Massachusetts Appeals Court.
(EX. O, pp.34-59). Making arguments to the search in a dwelling
home. And fruits thereafter being that of the poisonous tree.
Also, fruits seized by way of a tainted warrant (EX. O, pp.39-

-7-

42, 54-59). On November 18, 2004, the Appeals Court of
Massachusetts affirmed the conviction of the petitioner issues
in an unpublished opinion pursuant to Rule 1:28. Commonwealth
v. Cabral, 62 Mass.App.Ct. 1111, 818 N.E.2d 640 (2002). (EX.
R). In the Appeals Court's decision, do to the egregious error
of the trial court decision to ignore the search into the pock-
book, made it impossible for the Appeals Court to address the
merits /claim.

Habeas review of Fourth Amendment claims is reserved for
instances where the state court made an agregious error (e.g.,
failed to apply Supreme Court precedent directly on point after
the argument was clearly presented), thus effectively depriving
the petitioner of the ability to vindicate his federal rights
in state court. Clearly, the petitioner exhausted on direct
appeal in the state court. It is not the "egregious error" itself
that would justify relief under Stone v. Powell, 428 U.S. 465
(1976), it is the latter circumstance, the petitioner lacked
a full opportunity to prevail on direct appeal. See Hampton
v. Wyant, 296 F.3d 560, 563-64 (7th Cir.2002). In Agee v. White,
809 F.2d 1487, 1490 (11th Cir.1987) the Alabama Court of Criminal
Appeals ignored the argument that the second statement was
inadmissible in its opinion, and the court found the claim,
accordingly, is properly before the court, for the appellant
did not receive a "full and fair" consideration of his search-
and-seizure claim at trial and on direct review. See O'Berry

-8-

v. Wainwright, 546 F.2d 1204, 1213 (5th Cir.1977)(Full and fair
consideration includes availability of meaningful appellate review
when facts are in dispute). This is consistent with the under-
standing of "opportunity for full and fair litigation" adopted by
several other courts. Gamble v. Oklahoma, 583 F.2d 1161, 1165 (10th
Cir.1978); and Gilmore v. Marks, 799 F.2d 51, 57 (3rd Cir.1986).

On March 7, 2005, under appellate Rule 27.1 the petitioner
filed application for further appellate review in the Massachusetts
Supreme Judicial Court, case No. FAR-14710 (EX. T) with memorandum
of law in support of petitioner's application for further review
(EX. U). Throughout petitioner's F.A.R.(Further Appellate Review)
he argues in the state courts, that the courts had ignored the
search claim in a dwelling home (EX.U). And now the Assistant
Attorney General (AAG), Randall E. Ravitz, in his motion to
dismiss petition only mentions the seizure of evidence in the
dwelling home. AAG refers to Attorney Nadeau's motion to suppress
evidence. Not addressing the petitioner's motion for reconsideration.
(See AAG's Motion to Dismiss Petition, p. 10). And on page 11
the AAG stated that: "The petitioner commenced a direct appeal,
which in part raised Fourth Amendment challenges to the seizures
of evidence at issue here." The AAG intentionally left out the
word "search." In attorney Nadeau's argument, as well as the
petitioner's challenges in his reconsideration motion/briefs
in the state courts, we both presented the argument at hand.
AAG omitted the search claim as well as the state courts.

-9-

On April 27, 2005, the Supreme Judicial Court of Massachusetts denied further appellate review. <u>Commonwealth</u> <u>v.</u> Cabral, 444 Mass. 1101, 826 N.E.2d 201 (2004). (EX. S).

The petitioner ask this court to resolve this matter once and for all, and grant the writ of habeas corpus on the accompanying memorandum of law in support of his petition and/or grant the petitioner an evidentiary hearing.

A.      DECISIONS SHOWING CLEARLY THAT THE FACTFINDING
        PROCEDURE EMPLOYED BY THE STATE COURT
    WAS NOT ADEQUATE TO AFFORD A FULL AND FAIR
            OPPORTUNITY IN THE STATE COURTS

The petitioner argues that the state court's decision was based on an unreasonable determination of the facts and did not adequately afford him with a full and fair opportunity in the state courts. The state courts had not addressed the claim, in full, on the Fourth Amendment claim, made in petitioner's reconsideration motion to suppress evidence of the illegal search in a dwelling home filed in the trial court on August 27, 2001 (EX. B, p.6, Docket No. 41). See reconsideration motion (R.2-13). It is unclear on the factfinding procedure employed by the trial court, the court simply denied the motion and made no finding of facts or ruling of law on the reconsideration motion. (EX. B, p.6, Docket No. 44).

-10-

In <u>Pieson v. O'Leary</u>, 959 F.2d 1385, 1391 (7th Cir.1963) a habeas corpus petitioner has received an opportunity for full and fair litigation of his, or her, Fourth Amendment claim when (1) the petitioner has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of the petitioner's Fourth Amendment rights and (2) the state court has carefully and thoroughly analyzed the facts and applied the proper constitutional case law to the facts. See <u>Portch v. O'Leary</u>, 863 F.2d 1337, 1342 (7th Cir.1988). The petitioner raised a Fourth Amendment claim in the state courts, and the state courts refuse to reach and decide the issues of the facts tendered by the petitioner. See (R. 2-13);(EX. U);(EX. H).

In <u>Riley v. Gray</u>, 674 F.2d 522, 527 (6th Cir.1982) there cannot even be the semblance of a full and fair hearing unless the state courts actually reached and decided the issues of facts tendered by the petitioner.

As stated above the petitioner had shown that he clearly informed the state courts of the factual basis of his claim and argued that those facts constitute a violation of his Fourth Amendment rights. See <u>Weber v. Murphy</u>, 15 F.3d 691, 694 (7th Cir.1994) which in fact the state court had not carefully and thoroughly analyzed the facts, and did not applied any Constitutional case law to the facts in this case.

In <u>Tukes v. Dugger</u>, 911 F.2d 508, 514 (11th Cir.1990) the

-11-

court writes a fortior, (Where the trial court's findings which
are essential to the disposition of the Fourth Amendment claim
are unclear and the state appellate court writes no opinion,
we deem the petitioner's Fourth Amendment claim not to have
been fully considered within the meaning of Stone v. Powell,
supra. Accordingly the court turn to the merits). Combined with
the fact that the state appellate court issued only a summary
affirmance, permit federal habeas corpus review of those claims.
Tukes, supra.

        In Michael Wayne Williams v. Taylor, 189 F.3d 421 (1999),
528 U.S. 1113 (2000); Dowthitt v. Johnson, 230 F.3d 733, 758
(5th Cir. 2000) restated, if a petitioner develops a factual
basis for a claim in state court (or sufficiently attempts to
do so), subpart (E)(2) does not bar an evidentiary hearing in
District Court.

        Furthermore, in the first motion and memorandum provided
by attorney Nadeau, the court made endorsements on the motion,
after a four day hearing, that lasted over four months, and
never addressed the search of the pocketbook in a dwelling home,
which in fact was the beginning of the violation to the Fourth
Amendment claim.

        Justice Toomey on December 14, 2000, inadequate finding
of facts, omitted the search claim. See Justice Toomey's
endorsements as follows:

-12-

> "... And having found that items seized in
> the apartment were obtained incident to the
> lawful arrest...."

(EX. I).

For support on exhaustion in the state courts see the
petitioner's synopsis of attorney Nadeau's motion to suppress
evidence, supra. (EX. H, pp. 1-7).

As stated above, it is not the "egregious error" itself,
that would justify relief under Stone v. Powell, supra, it is
the latter circumstance, the petitioner lacked a full opportunity
to prevail on direct appeal. See Hampton v. Wyant, supra; See
also Agee v. White, supra; O'Berry v. Wainwright,supra; Gamble
v. Oklahoma, supra; and Gilmore v. Marks, supra.

Clearly showing the state courts had not carefully and
thoroughly analyzed the facts to protect a violation of the
petitioner's rights under the Fourth and Fourteenth Amendment
to the United States Constitution.

The petitioner, at this time, abandons the issues on the
automobile was unlawfully searched and the items recovered from
within was unlawfully seized. As well as the expectation of
privacy (standing) in the dwelling home. For reason stated by
the Assistant Attorney General (Randall E. Ravitz) that petitioner
had received a full and fair opportunity in the state courts
to litigate of his Fourth and Fourteenth Amendment claims.

In the trial court, Justice Toomey raised, but did not
address in his findings, the question whether the petitioner

-13-

even had standing to challenge the police entry into Kazen's apartment. See the Commonwealth's brief (EX. Q, p. 38, n.5). This court should deem that the Assistant Attorney General and the state courts had waived this issue, for reason stated above, full, fair opportunity in the state courts, because it was clear, that petitioner had a reasonable expectation of privacy in the dwelling home.

If the issue on the expectation of privacy is not considered waived, the petitioner argues that he did not receive a full and fair opportunity to litigate this claim in the state courts. Like in Bostick v. Peters, 3 F.3d 1023, 1027-29 (7th Cir.1993) (review of Fourth Amendment claim not barred when petitioner did not have opportunity to establish standing for illegal search because of unforseeable procedural rule preventing state court reaching merits of claim); and Craig v. Singletary, 80 F.3d 1509, 1513 (11th Cir.1996)(review of Fourth Amendment claim not barred where state court did not address petitioner's Fourth Amendment claim; petitioner did not receive full and complete hearing). Justice Toomey never addressed the standing issue in violation of the Fourth Amendment and the due process clause of the Fourteenth Amendment. (EX. Q, p. 38, n.5)

The petitioner prays that this court grant the writ of habeas corpus on the accompanying memorandum of law in support of his petition and/or under Rule 8(A) grant the petitioner an evidentiary hearing.

B.          FACTS SHOWING CLEARLY THAT COUNSEL MAY HAVE
            RENDERED INEFFECTIVE ASSISTANCE
            BY FAILING TO DEVELOPE THE
            MATERIAL FACTS AT STATE TRIAL COURT

     If for some reason unknown to the petitioner that this
court finds the petitioner's reconsideration motion to suppress
evidence, had not exhausted state court remedies, the petitioner
would argue, that do to attorney Nadeau's ineffective assistance
in not developing the material facts of the search into the
pocketbook as well as his failure to cite the Fourth Amendment
to the United States Constitution,$\underline{4/}$ the petitioner relies on
Kimmelman v. Morrison, 477 U.S. 365 (1986). Restrictions on
federal habeas corpus review of Fourth Amendment claims announced
in Stone v. Powell, supra, do not extend to Sixth Amendment
ineffective assistance of counsel claims which are founded
primarily on incompetent representation with respect to a Fourth
Amendment issue, federal courts may grant writ of habeas corpus
in appropriate case, regardless of the nature of the underlying
attorney error.

     Petitioner argues that §2254(E)(2) does not bar a hearing
in his case because he has satisfied its requirement that he
develope the factual basis of his search claim in a reconsideration
motion before the state courts (R. 2-13). Not developing the

_____

     $\underline{4/}$     Petitioner ask this court, if needed to exhaust a Sixth Amendment
claim in the state court, to stay the proceeding and allow petitioner to
file under Rule 30(b) on a claim of ineffective assistance of counsel in the
state court.

-15-

factual basis of his claim cannot be attributed to something
that the petitioner did or failed to do, it then, would be the
failure of counsel not developing the factual basis of the
petitioner's claim. In this circumstance an evidentiary hearing
is not barred by §2254(E)(2). See <u>Buckley v. Terhune</u>, 266 F.Supp.
2d 1124 (2002).

Attorney Nadeau failed to prosecute the motion he filed
for an interlocutory appeal. On December 22, 2000, counsel filed
motion to extend time for filing (EX. J) interlocutory appeal
from the denial of the motion to suppress evidence. On April
6, 2001, do to a breakdown in communication the petitioner filed
motion to dismiss appointed counsel and alleged that counsel
stated that, we had stronger issues at further proceedings,
and refused to prosecute that motion (R. 14-17, Id. at 15.

The petitioner prays that this court exercise its judicial
powers and grant a writ of habeas corpus and/or request for
an evidentiary hearing.

The purpose of federal habeas corpus review is to ensure
that individuals are not imprisoned in violation of the United
States Constitution. See <u>Herreray v. Collins</u>, 506 U.S. 390 (1993).

As stated above, it is clear that the petitioner did not
receive a full and fair hearing in the state court proceedings
and was not given an opportunity to litigate his merits/claim,
do to an unaddressed Fourth Amendment claim, which violates
the due process clause of the Fourteenth Amendment.

-16-

In Agee v. White, supra, the court held that Stone v. Powell, supra, does not bar federal collateral review of the unaddressed Fourth Amendment claim because it is deemed not to have been fully litigated or considered. The petitioner had afforded the state courts a full and fair opportunity to address and resolve the claim on the merits and they clearly ignored the opportunity.

## CONCLUSION

For the foregoing reasons, this court should grant a writ of habeas corpus on the accompanying memorandum of law and/or order an evidentiary hearing to resolve this matter, because the state courts had not provided the petitioner with an opportunity to litigate fully and faily in the state courts.

Dated: September 1, 2005 .

Respectfully Submitted,

Anthony Cabral, pro se
P.O. Box 100
So. Walpole, MA. 02071

-17-

## CERTIFICATE OF SERVICE

I, Anthony Cabral, hereby certify that two true copies of the above documents was served upon A.A.G. (Randall E. Ravitz's) office, by first class mail on this 1st day of September, , 2005.

_____
Anthony Cabral, pro se

-18-

PETITIONER'S MOTION FOR

RECONSIDERATION FOR THE

DENIAL OF HIS MOTION TO

SUPPRESS EVIDENCE

51 of 64

WHERE OFFICER MALEK
Stated he was able to see
in a bedroom and noticed
a black leather pocket-
book on the bed. Officer
Malek stated, I went into
the bedroom, I retrieved
that pocketbook. (P.R. EX. "A")
(G.J.M. EX. "B") PAGE. 11.)
Officer Malek did not
have lawful access to the
object itself. NAUGLE SUPRA.
nor consent/exigency to
enter that bedroom.
DEROSIA SUPRA.

Moreover it is not
under prior oath that the
officers was doing a protective
sweep in fear of they life.
Comm V. Allen 28 MASS. APP.
Ct. 589 (1990) The suspect
is arrest in handcuffs.
No reasonable suspicion
of danger Allen Supra.
Maryland V. Buie 110 S.Ct.
1093    494 U.S. 325

R-2

All commonwealth witnesses testefied that the prior valed intrusion was directed at the defendant. by law the search must stop after the suspect is arrest. After seizing the suspect officers must not violate the 4th, 14th Amendment. A further search for weapons / person cannot be justified because it is not under prior oath on the arrest report presented to a magistrate. Thereby, the search and sezure of defendant yielded all of the evidence in this case must be suppres Wong Sun Supra; Gerstein Supra; Franks Supra; Aguilar-Spinelli Supra; the search into the interior of the pocketbook. officer Malek went on to say.

R-3

53 of 64

I enter the bedroom and observed a Black Glove on the Bag. I opened the Bag noticing identification papers Belonging to Rosemarie Hobbs (P.R. Ex. "A") (G.J.Tr. Ex. "B" page, 116) (S.H.Tr. Ex. "C"

In Massachusetts Declaration of Rights Art. 14th. M.G.L. 276. c. 1. Even if officer Maiek knew the pocketbook was Fruits of a crime he could have seized the fruits but not search without a warrant. Search into the interior of the pocketbook is a violation of both the fourth and fourteenth amendment's to the United States Constitution and the declaration of rights Art. 14. th. See also Rose v. U.S. 102 S.Ct. 585 Comm v. Cohen 359 Mass 140 (1971) prohibited areas. Chimel v. California 89 S.Ct. 2034. 2040.

R-4

54 of 64

Clearly officer Malek had stated in his arrest report and testified to the Grand Jury. as well as the suppression hearing, that he in fact opened the bag. Rose Supra: Wong Sun Supra: Cohen The Court by law must find the following search to be tainted, fruits of the poison tree. Wong Sun Supra: Comm v. Price 408 Mass. 668, 672 (1990) M.G.L. 276, c. 1 by law. The search into the bag can not be justified by plainly viewed. the object itself were not immediately apparent. the identification papers were not in plain sight. because it's incrimination character must also be immediately apparent, and not only must officer be lawfully located in place from which object can be plainly seen

R-5

55 of 64

OFFicer must Also have law-
ful Access to object ptself
U.S. V. Naugle 997 F.2d 819

The United State
Supreme Court has ruled
that when A officer illegally
invades the privacy of An
individual to obtained
Evidence. All Evidence must
be suppress base on the
prior illegal police conduct.
Jones V. U.S. 362 U.S.
257 (1960) Wong Sun Supra.
U.S. V. Iribe 11 F.3d 1553
Such conduct violates
the Defendant Rights
4th, 5th, 6th, 14th. Amendment
to the United States
Constitution.

Furthermore The Common-
wealth can-not justified the
Search into the interior of
the Pocketbook looking for
weapons. The suspect was
in custody. Comm V. Cohen.
Supra: Harris V. U.S. 67 S.Ct. 1098
Prohibited Areas 89 S.Ct 2034

5C oF C4

John KAZEN WAS ASKing iF Any woman lived with him, And OFFicer MAIEK Stated. Mr. KAZEN SAid he lived Alone. OFFicer MAIEK had FAISE And PERJURED that Statement, OFFicer MAIEK Stated EARLier in his ARREST REPORT that he WAS FAMILAR with KAZEN And Knew he had Some outstanding WARRANTS but WAS UNSURE iF they had been SERVED.

Mr. KAZEN had Stated in his investigation REPORT And testified At the suppress ion hearing. (J.K.V.R. EX. "E") (S-H-Tr. EX. "C)

WHEN OFFicers ASKed him iF HE WAS now CARRYing A Pockethook. Mr. KAZEN Stated to the OFFicers the Pockethook WAS his girlfriend

R-7

51 of 64

OFFICER MALEK WAS FAMILIAR
with KAZEN he would of
known CARA FUCILE lived
there, She lived there in
that APARTMENT with Mr.
KAZEN for Six and ONE-HALF
["6 1/2 YEARS"]. (J.K.V.R. EX. "E")
(S.H.T. EX. "C")
    The Fourth and Fourteenth
AMENDMENT CANNOT tolerate A
State Criminal Conviction
Obtained By the Knowing
Use of False Evidence.
FRANKS SUPRA. Miller V.
PATE 386 U.S. 1 (1967)
    Furthermore the indict-
ment are Fatally defective
And cannot tolerate A tainted
Criminal Conviction. MOOEY
V. Holohan 294 U.S. 103 (1935)
NAPUE V. Illinois 386 U.S. 1
(1967)    SALMAN SUPRA. Mr.
KAZEN Further stated that the
OFFICERS KNEW him And his
girfriend.

R-8

58 of 64

THEY ATTESTED THEM ████
EVERY OTHER WEEK, THEY
KNEW THAT SHE loVED THERE
AND THAT THE POCKETbook
CoulD HAVE BEEN HERS
      AFTER the vioLation of
the FourTH AND FourTEENTh
AMENDMENT. in the OPENED of
the POCKETbook M.G.L. 276 c.1
OFFicer MAIEK RE-ENTERED
THE Front RooM, OFFicer
BEAUSOLIL AT this time WAlKED
to A CHAir in the living RooM
OBSERVing A HoODED WinTER
COAT on the CHAir. THERE WAS
AlSo A PAir of JEANS, WORK
BooTs AND A BlACK MASK AND
A SHirt. On the Floor BEtwEEN
the Couch AND CHAir WAS A toy
GuN. THE toy GuN WAS FouND
BETWEEN THE Couch AND CHAiR,
ClEARY this is A SEARCH that
ViolATion the 4th AND 14th
AMENDMENT to the UniTED STATES



59 of 64

THE SUPREME Court held "WHEN ANY PERSON is intentionally deprived of his constitutional Rights those responsible have committed No ordinary offence." "A Crime of this nature, if subtly encouraged by failure to condemn and punish, certainly leads down the road to totalitarianism."

" Civil Rights violations are all the more regrettable because they are so unnecessary. Professional standards in law enforcement provide for fighting crime with intelligence rather than force. The Constitution of the United States make it entirely unnecessary for any officer to feel the need to use dishonorable methods."

R-10

60 of 64

OFFicer MAlEK went on to SAY, WE gathered these items. And Arrest Both Mr. John Kazen And Anthony CaDral And Returned to the Mutual gas Station. And At this time OFFicer MAlEK SPOKE with Ms. Hobbs. (P.R. EX. "A") (G.J.M. EX. "B" page 12-13.)

CleArly Ms. Hobbs nor Ms. Reardon SPOKE to Any OFFicers, prior to the Returned to the Mutual gas Station. No Credible Source of information is on the OFFicer's Arrest report.

OFFicer MAlEK had No Credible Factual Basis of ~~███~~ Knowleage, of A Robbery, Gun, or Any reliable information.

Charles Moniz is not A witness or A victim of Any Crime

R-11

62 of 64

## Conclusion

Based upon all the credible evidence, the Court should conclude that the entry and search into the motor vehicle, the entry into the apartment and arrest of the defendant, and the search of the residence and seizures of evidence were all illegal in that they did not conform to any recognized exception to the warrant requirements. Furthermore, the warrant was largely based upon the information and evidence obtained from the illegal searches and arrest, and therefore is the "fruit of the poisonous tree". The evidence seized in the search by warrant should also be excluded from evidence.

R-12

63 of 64

Clearly Officer Malek information on the face of his arrest report brought to the Magistrate Attention had not provide a sufficient basis for a finding of probable cause, And that the evidence obtained as a result of a warrantless search must not be Admissible in petitioner trial. <u>Aguilar Supra; Spinelli Supra; Pugh Supra; Jenkins Supra Supra; Elcurant Supra;</u>

If the false material set to one side on the arrest report, remaining content is insufficient to establish probable cause, All fruits must be excluded. <u>Franks V. Delaware 98 S. Ct. 2674 (1978)</u>

R-13

PETITIONER'S MOTION

TO DISMISS APPOINTED

COUNSEL (ATTORNEY NADEAU)

Commonwealth of Massachusetts

Bristol, SS.

Superior Court depart
Criminal Court
NO. 73 CR 0228

APR 6 2001

Commonwealth of Massachusetts

s.

Anthony Cabral

Motion to Dismiss Appointed
Council

I, Anthony Cabral, Pro se, the defendent in
the above matter, move this Honorable Court
to dimiss my appointed Councile.
I respectfully request that this motion be all-
owed at the court's earliest convenience.

Respectfully Submitted
Anthony Cabral Pro se;

R-14

Affidavit in Support
of defendents Motion to
Dismiss Council

.Brstol, ss.                                    No. 0073CRO228

I Anthony Cabral do swear to the best of
my Ability that the Facts of this Affidavit
Are true.

1) On 14, Dec 2000, I Recieved A copy of Judge Toom-
ey's denial of my Motion to Surpress, Also on
the Same date I handed Steven Nadeau Council
for the defendent a brief predated: 8, Nov 2000
And Asked him to proceed with an interlocutory
Appeal.

2) After providing Council with my brief he
discouraged me from pursuing An interlocutory
Appeal. Stating we had Stronger issues At
futher proceedings.

3) Jan. 2001, I provided Council with Scrap Mateeial
with the posability of pursuing A Motion to dismiss
we Also discused incorporating O'Dell And McCarthy
to Support my Motion to dismiss. (Salman) He
said that He would with O'Dell, but I had No
Right to Argue McCarthy.

R-15

4) I asked Council to Review my material and proceed in the best direction he thought we should go

5.) I beleave that the material that Council cited in my Motion to Dismiss was inproperly prepared.

6.) I was Relying on the intire testermony of my Motion to Surpress to support my Motion to Dismiss. (Salman)

7.) Council severed the testermony of the "Grand Jury" also the "Motion to Surpress."

8.) On 22, March 2001, Council visited me at Bristol County Jail at N Dartmouth, during our conversation I asked Council why he proceeded in this manner, his answer was, "I filed the best way I thought possible", he also stated that we had a difference of opinion.

9.) I feel Attorney and Client have come to an impasse.          R-16

10.) I feel I CAN NO LONGER CONTiNUE with MR. NAdeAU AS My AHorNey.

11.) We hAve differeNces OF OPiNiONS iN whAT direcTioN my defeNce should PROceed.

12.) I NO LoNGeR trUST SteveN NAdeAU NOR do I tRUST he wiLL PROceed iN MY besT iNtereST.

Signed uNder the PAiNs ANd PeNilties of PURjURy

Dated: 27, MARch 2001

SiNceRly;

Athony CAbRAL

R-17