UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY CABRAL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DAVID NOLAN, )<br>)<br>Respondent. )<br>) | Civil Action No. 05-11069-PBS |

**RESPONDENT'S MOTION TO ENLARGE TIME WITHIN WHICH TO FILE BRIEF IN OPPOSITION TO HABEAS CORPUS PETITION**

Respondent David Nolan (the "Respondent") hereby moves for an enlargement of time within which to file his brief in opposition to the Habeas Corpus Petition (the "Petition") filed by Petitioner Anthony Cabral (the "Petitioner") until thirty (30) days after the date on which this Court renders a decision on the Respondent's Motion to Dismiss Petition.  In support of this Motion, the Respondent states as follows:

1.   The Petition was filed on May 20, 2005.  Therein the Petitioner challenged his January 11, 2002 conviction for unarmed robbery in the Bristol County, Massachusetts, Superior Court on the grounds that his "4th and 14th Amendment rights were violated when evidence obtained pursuant to an unconstitutional search and seizure was relied upon to find him guilty."  (Pet. ¶ 12.A.)

2.   On June 30, 2005, the Respondent filed a Motion to Dismiss Petition, in which he argued that the Petition cannot be entertained, because it is predicated entirely on allegations that the Petitioner's rights under the Fourth Amendment to the United

States Constitution were violated. (Resp't's Mot. Dismss Pet.; Resp't's Mem. Supp. Mot. Dismiss Pet..)

3. Then, on July 1, 2005, this Court entered an Order directing the Petitioner to file a brief in support of his Petition by August 1, 2005, and directing the Respondent to file a brief in opposition to the Petition by September 1, 2005. (Order of July 1, 2005.)

4. On July 14, 2005, the Petitioner filed a Motion for Additional Time Within Which to Respond to Motion to Dismiss and for the Court's Clarification of Its Order of July 1, 2005 (the "Motion for Additional Time"). Therein the Petitioner requested an enlargement of sixty days within which to respond to the Motion to Dismiss Petition and asserted that "[i]n light of the fact that the Respondent filed a motion to dismiss the petition on June 30, 2005, it seems that the Petitioner should be responding to the motion to dismiss, rather [than] filing a memo in support of the habeas petition." (Pet'r's Mot. Additional Time at 3.)

5. On July 25, 2005, the Respondent filed a Response to the Petitioner's Motion for Additional Time, in which the Respondent agreed that the parties' briefing concerning the merits of the Petition should be continued until after a decision is rendered on the Respondent's Motion to Dismiss Petition. (Resp't's Resp. Pet'r's Mot. Additional Time at 2-6.)

6. The Respondent reasoned in his Response to the Petitioner's Motion for Additional Time that such a postponement of briefing would be consistent with the procedures contemplated by the Rules Governing Section 2254 Cases (the "Habeas Corpus Rules") and the procedures normally employed in civil cases.

 (Id. at 3-5 (citing, in part, Habeas Corpus R. 5 advisory comm. notes to 2004 am., Habeas Corpus R. 11, and Fed. R. Civ. P. 12(b)(6)).)  The Respondent further observed that, in this case, the Respondent's Motion to Dismiss Petition and supporting Memorandum clearly establish that the Petitioner's habeas corpus action is not cognizable, because it is predicated entirely on a claim that he was convicted using evidence obtained in violation of his Fourth Amendment rights. (Id. at 5 (citing Stone v. Powell, 428 U.S. 465, 481-96 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus belief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."), and Sanna v. DiPaolo, 265 F.3d 1, 8-10 (2001) ("Stone thus stands for the proposition that a federal habeas court ordinarily cannot revisit a state court's disposition of a prisoner's Fourth Amendment claims.")).) Accordingly, the Respondent contended, the interests of judicial economy and both parties warrants a continuance of the parties' briefing on the merits until after a decision is rendered on the Motion to Dismiss Petition.  (Id. at 6.)

7. On July 25, 2005, this Court issued an Order allowing the Petitioner's Motion for Additional Time and directing him to file a response to the Respondent's Motion to Dismiss Petition by September 26, 2005.

8. On September 6, 2005, the Petitioner filed an Opposition to the Respondent's Motion to Dismiss Petition and a brief in support of his Petition.

9. The rationale for postponing briefing originally articulated in the Respondent's Response to the Petitioner's Motion for Additional Time applies equally to the

3

instant Motion. Specifically, allowance of this Motion would be consistent with the procedures contemplated by the Habeas Corpus Rules and the Federal Rules of Civil Procedure. Moreover, especially given that the instant habeas corpus action is not cognizable, a postponement of further briefing would further the interests of judicial economy and of both parties.

WHEREFORE, the Respondent respectfully requests that this Honorable Court enlarge the time within which he must file a brief in opposition to the Petitioner's Petition until thirty (30) days after the date on which a decision is rendered on the Respondent's Motion to Dismiss Petition.

Respectfully submitted,

THOMAS F. REILLY
Attorney General


 /s/ Randall E. Ravitz
Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2852

Dated:  September 21, 2005

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served on September 21, 2005, by first-class mail, postage prepaid, upon:

Anthony Cabral
W-70469
MCI – Cedar Junction
P.O. Box 100
South Walpole, MA  02071

pro se

                                                    /s/ Randall E. Ravitz
                                                   Randall E. Ravitz