UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


ANTHONY CABRAL,
        Petitioner,

v.                                  CIVIL ACTION NO.
                                       05-11069-PBS

DAVID NOLAN,
        Respondent.


## PETITIONER'S OBJECTION TO THE RECOMMENDATION MADE BY THE UNITED STATES MAGISTRATE JUDGE

Now comes the petitioner (Anthony Cabral) pursuant to Rule 72, Fed.R.Civ.P., any party who objects to the recommendation must file a specific written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.

On or about May 20, 2005, the petitioner (Anthony Cabral) filed a petition for writ of habeas corpus pursuant to Title 28, U.S.C., §2254. On December 9, 2005, the petitioner received from the United States District Court Magistrate Judge (Robert B. Collings) a Report and Recommendation on motion to dismiss the petition, and the petitioner objects to the following portion of the Recommendation, as to the Magistrate Judge's finding of facts:

-1-

First, on page 8 of the Recommendation, the Magistrate's finding of facts (hereinafter as "M.R. pp."). "On January 5, 2005, the Superior Court denied the petitioner's motion to revise and revoke."

As stated in the petition (hereinafter as "P. pp.") on January 11, [sic] 25, 2002, the petitioner was sentenced to a term of eight to ten years in state prison. See attached hereto, Criminal Docket in the Superior Court paper No. 95.0. On January 5, 2005, the petitioner was resentenced to a term of eight to nine years in state prison. See attached hereto, Ciminal Docket paper No. 145.0. The petitioner received one year off the top number, from ten to nine years.

The Magistrate Judge misrepresented the facts in his recommendation motion to dismiss petition.

As to the petitioner's opposition in response to Respondent's memorandum of law in support of his motion to dismiss. (hereinafter as "P.O. pp.").

In the discussion M.R., p.8, IIIA. <u>The Statute and Petitioner's Grounds for Relief.</u> The petitioner does not object to the Magistrate. As to part IIIB. The petitioner does not

-2-

object to what the Magistrate states, as to the sole ground for petitioner writ of habeas corpus is pursuant to an unconstitutional "search" in violation of the Fourth Amendment. M.R.,pp. 10-15 the petitioner objects to the Magistrate's reference as to a full and fair opportunity to litigate in the State Courts. The petitioner had exhausted State Court remedy, the petitioner is not objecting to the fact that he did not litigate his Fourth Amendment claim in the State Courts, but objects to the State Court's procedures in ignoring the Fourth Amendment claim in their finding of facts, as to the search in a dwelling house.

Therefore, the State Court did not give the petitioner a full and fair hearing in the trial court procedures, and made it impossible to prevail in the appeal courts. (P.O., pp. 4-9). For support see:

> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

(P.O., pp. 2-3).

Put in other words, the petitioner did not receive a full and fair opportunity to litigate on appeals. (P.O., pp. 10-14)

In the M.R., p. 16 IIIC. <u>Petitioner's arguments on the merits of his Fourth Amendment Claim</u> he states that the petitioner

-3-

had not challenged the adequacy of the state court procedures, is futile on this face.

In the M.R., pp. 17-18 he states: "The respondent points out that the denial of the motion to suppress by the state court (trial court) took into consideration the search claim asserted by the petitioner and made its decision based on the following finding:"

> "The search of the vehicle was warranted by probable cause and exigent circumstances... And items therein were in plain view and were seized incident to a lawful arrest and in connection with a reasonable sweep of the apartment."

M.R., pp. 17-18.
"Thus, because the same issue that was presented in the instant habeas corpus was fully looked at by the state courts, the petitioner's first theory provides no basis for the issuance of a writ of habeas corpus."

Clearly the M.R. points out that the denial of the motion to suppress in the state court (trial court) took into consideration the search claim only to the vehicle and not the dwelling house. The state court (trial court) only took into consideration the seizure and not the search in the dwelling house.

The trial court did not reach and decide the issue of the

-4-

facts tendered by the petitioner. The Magistrate Judge only reiterated what the state courts had ignored. (P.O., pp. 2-17).

In the M.R. he also ignored the facts stated in the P.O., pp. 13-14 as to the claim of the expectation of privacy (standing) not being addressed in the trial court, clearly not receiving a full and fair hearing and appeals.

The petitioner had ample opportunity to litigate his Fourth Amendement claim fully and fairly in the state court, and clearly took advantage of said litigation. The petitioner had afforded the state courts a full and fair opportunity to address and resolve the claim on the merits, and they clearly ignored the opportunity. (P.O., pp. 16-17).

For the above mentioned reason this petition should be granted.

Dated: December 12, 2005

Respectfully Submitted,

Anthony Cabral, pro se
#W-70469
P.O. Box 100
So. Walpole, MA. 02071

cc: file

7004 1350 0001 9658 0144

-5-

CERTIFICATE OF SERVICE

    I, Anthony Cabral, hereby certify that one true copy of the above document was mailed to the A.A.G. (Randall E. Ravitz's) office, via first class mail, on this 12 day of December.

                                          Anthony Cabral, pro se

MAS-20041213 | Case 1:05-cv-11069-PBS Document 17 Filed 12/16/2005 Page 7 of 8 | 03/02/2005
Commonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Criminal Docket
12:04 PM

# BRCR1999-00228
# Commonwealth v Cabral, Anthony

| Date | Paper | Text |
|---|---|---|
| | 76.0 | to Dismiss |
| 12/12/2001 | 77.0 | Deft files Supplemental Motion to Suppress Identification |
| 12/12/2001 | 78.0 | Habeas corpus for Deft at Plymouth County Correctional Facility) |
| 12/19/2001 | 79.0 | Habeas corpus for Deft at Plymouth County Correctional Facility) |
| 12/21/2001 | | Motion (P#74) allowed in Part, Denied in Part(Robert J. Kane, Justice). Copies mailed January 03, 2002 |
| 12/21/2001 | 80.0 | MEMORANDUM & ORDER: on Defendant's Motion to Dismiss/Suppress; it is Ordered that the Commonwealth not offer evidence at trial of the police officers' observation of Anthony Cabral in the bedroom where Mrs. Hobbs' pocketbook was found (Robert J. Kane, Justice) copies to A.D.A. and deft |
| 12/26/2001 | 81.0 | NOTICE of APPEAL FILED by Anthony Cabral |
| 12/26/2001 | 82.0 | Deft files Renewal Motion to Suppress (Franks) with Affidavit |
| 01/03/2002 | | Motion (P#76) denied (Robert J. Kane, Justice). Copies mailed |
| 01/03/2002 | 83.0 | MEMORANDUM & ORDER: on Defendant's Motion to Suppress In-Court Identification, Denied (Robert J. Kane, Justice) copies mailed on January 3, 2002 |
| 01/03/2002 | 84.0 | MEMORANDUM & ORDER: on Defendant's Motion to Dismiss/Suppress, Denied. (Robert J. Kane, Justice (copies mailed on January 3, 2002 |
| 01/03/2002 | 85.0 | Habeas corpus for Deft at Plymouth County Correctional Facility) |
| 01/07/2002 | 86.0 | Habeas corpus for Deft at Plymouth County Correctional Facility) |
| 01/07/2002 | 87.0 | Habeas corpus for Deft at Plymouth County Correctional Facility) |
| 01/08/2002 | 88.0 | Habeas corpus for Deft at Plymouth County Correctional Facility) |
| 01/09/2002 | 89.0 | List of Potential Witnesses |
| 01/09/2002 | | RE Offense 2:Nolle prosequi |
| 01/11/2002 | 90.0 | Motion by Deft: for Jury Instruction |
| 01/11/2002 | 91.0 | Motion by Deft: for Required Finding of not Guilty |
| 01/11/2002 | 92.0 | List of exhibits |
| 01/11/2002 | | RE Offense 1:Guilty verdict (lesser offense) |
| 01/11/2002 | 93.0 | Verdict of guilty to Unarmed Robbery |
| 01/11/2002 | | Bail set on August 11, 1999 revoked; Deft Ordered Held Without Bail (John A. Tierney, Justice) |
| 01/11/2002 | 94.0 | Mittimus without bail issued to Bristol House of Correction (Dartmouth) |
| 01/11/2002 | | Continued until January 25, 2002 for sentencing (John A. Tierney, Justice) |
| 01/14/2002 | 95.0 | Habeas corpus for Deft at Plymouth County Correctional Facility) |
| 01/25/2002 | | Defendant sentenced to MCI Cedar Junction for the term of not more than ten (10) years nor less than eight (8) years as to offense A; Deft advised of his right to appeal to the Appellate Division of the Superior Court for a review of sentence; Deft advised of his right to appeal the judgment and sentence of the Court within thirty (30) days thereof under MRAP Rule 4b; T.C. - 950 - days (John A. Tierney, Justice) |
| 01/25/2002 | | Victim-witness fee assessed: $60.00 |
| 01/25/2002 | 96.0 | Mittimus for safe keeping issued to Cedar Junction MCI (Walpole) |

**Commonwealth of Massachusetts**
BRISTOL SUPERIOR COURT
Case Summary
Criminal Docket

## BRCR1999-00228
## Commonwealth v Cabral, Anthony

| Date | Paper | Text |
|---|---|---|
| | 139.0 | 2004 @ 2:00 p.m. R&R hearing) |
| 09/10/2004 | 140.0 | Habeas corpus for Deft at Cedar Junction MCI (Walpole) |
| 09/24/2004 | | Hearing on (P#104 :Defendant's motion to revise and revoke) held, matter taken under advisement (Kane, J.) |
| 10/26/2004 | 141.0 | MEMORANDUM OF DECISION on Revision of Sentence: In determining what constitutes a just sentence, the court observes that the guidelines indicate a sentencing range of 48 to 72 months. Review of the transcript covering the sentencing proceeding reveal the prosecution's presentation of facts concerning a conviction in 1983 for assault and battery and a 1985 conviction of assault and battery with a dangerous weapon. To ensure that the facts concerning those convictions are reliable, I will conduct a further hearing to examine what the Commonwealth relies on. (Robert J. Kane, Justice) October 26, 2004 |
| 12/20/2004 | 142.0 | Rescript received from Appeals Court; judgment AFFIRMED |
| 12/27/2004 | 143.0 | Habeas corpus for Deft at Cedar Junction MCI (Walpole) |
| 12/28/2004 | | Hearing on (P#104: Defendant's motion to revise and revoke sentence) held, matter taken under advisement (Kane, J.) |
| 12/28/2004 | 144.0 | Affidavit of Anthony Cabral, Defendant, in support of motion to revise and revoke. |
| 01/05/2005 | 145.0 | MEMORANDUM of Decision on Issuance of Revised Sentence: Based on my review of the conviction, the defendant's criminal history, and the guidelines, I determine that an appropriate and fair sentence is eight to nine years in state prison. (Robert J. Kane, Justice) Copies sent January 5, 2005 |
| 01/05/2005 | | Mittimus issued to Cedar Junction MCI (Walpole) |
| 01/21/2005 | 146.0 | Notice of Appeal to the Appellate Division Pursuant to Mass. G.L. C.278 filed by Anthony Cabral |
| 01/27/2005 | 147.0 | Letter transmitted to the Appellate Division. All parties notified January 27, 2005 |
| 01/27/2005 | 148.0 | NOTICE of APPEAL FILED by Anthony Cabral |
| 01/27/2005 | 149.0 | Court Reporter, Marilyn Silvia, is hereby notified to prepare one copy of the transcript of the evidence of 9/24/04, 12/20/04 and 12/28/04. |
| 02/01/2005 | 150.0 | Mittimus returned |

Exhibit "A"

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 12/08/2000 | Crim 1 Ctrm 1 -upper (New | Status: Review by Session For decision on Motion to Suppress u/a with Toomey, J. | Event not held--scheduled for another date |
| 12/18/2000 | Crim 1 Ctrm 1 -upper (New | Status: Review by Session For decision on Motion to Suppress u/a with Toomey, J. | Event held as scheduled |
| 01/09/2001 | Crim 1 Ctrm 1 -upper (New | Status: Review by Session | Event held as scheduled |
| 02/07/2001 | Crim 1 Ctrm 1 -upper (New | Hearing: Evidentiary-dismiss | Event held as scheduled |
| 03/27/2001 | Crim 1 Ctrm 1 -upper (New | Status: Review by Session | Event held as scheduled |
| 05/16/2001 | Crim 1 Ctrm 1 -upper (New | TRIAL: by jury | Event not held--scheduled for another date |
| 05/21/2001 | Crim 1 Ctrm 1 -upper (New | TRIAL: by jury | Event not held--scheduled for another date |