UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


ANTHONY CABRAL,
       Petitioner,

v.　　　　　　　　　　　　　　　　CIVIL ACTION NO.
　　　　　　　　　　　　　　　　　　05-11069-PBS

DAVID NOLAN,
       Respondent.


<u>PETITIONER'S SUPPLEMENT OBJECTION TO THE
RECOMMENDATION MADE BY THE
UNITED STATES MAGISTRATE JUDGE</u>


    In the Magistrate Judge's recommendation on pages 13, and 16-18 clearly shows the Magistrate's manipulation of the English language as to the Magistrate's statement on page 13.states: "In arguing that the state courts (appeal courts) ignored the Fourth Amendment claim based on the search of the dwelling house...."

    The Magistrate clearly ignores and/or manipulates the fact that the petitioner <u>had</u> raised this issue in the state court proceeding (trial court). On pages 15 and 16 the Magistrate claims the state court (trial court) procedures for adjudication of the Fourth Amnendment claims obviously "pass muster." There is no evidence in the record that the petitioner did not have

-1-

available to him suitable procedures for review of his Fourth Amendment claim.

The Magistrate ignores, once again, the fact that the petitioner had argued this issue in the trial court. (P.O., pp. 1-17).

On pages 16 and 17, the Magistrate claims: "First, in the petitioner's opinion, the state courts ignored his Fourth Amendment claim as to the search of Kazen's apartment, and thus... he must be heard on the merits of his unaddressed Fourth Amendment claim. Second, the petitioner asserts that the state court's decision on the motion to suppress was based on an unreasonable determination of the facts..." [1] "The petitioner also seems to assert that the 'seizure' issue but not the 'search' issue was presented to and ruled upon by the state courts."

The magistrate only made reference to the court of appeals and not the state court (trial court).

On pages 17 and 18 the Magistrate points out that the respondent states: "That the denial of the motion to suppress by the state court took into consideration the search claim asserted

---

[1] The Magistrate's own admission clearly shows that the petitioner had raised the said claim in the state court (trial court).

by the petitioner and made its decision based on the following findings:

> "The search of the vehicle was warranted... and items therein were in plain view and were seized incident to a lawful arrest...."

The petitioner also made a search claim in the dwelling house of Kazen's apartment, see the petitioner's P.O., pp. 1-17, and the Magistrate only made reference to the seizure.

Throughout the petitioner's Opposition (P.O., pp. 1-17) the petitioner clearly argues that the trial court ignored the petitioner's claim in their finding of facts (proceedings).

The petitioner may have had added an "S" to the word "court" when he was decribing the trial court, or did not add an "S" when he was decribing the appeals court, but the petitioner clearly argued that the state court ignored the search claim, and made it impossible for the state courts to rule on the merits.

This court should not be detered in determining if the petitioner had raised the search claim in the trial court, because of the letter "S" in the petitioner's Opposition.

This court has sufficient control without the letter "S" or with the the letter "S" to grant a writ of habeas corpus. See

-3-

Anderson v. Butler, 886 F.2d 114 (5th Cir.1989); Nadworney v. Fair, 872 F.2d 1093 (1989)(The court of appeals held that citing state decisions interpreting federal law is the state court fairly presented the federal issues to the state court for exhaustion purposes).

In Herreray v. Collins, 506 U.S. 390 (1993), the court held (The purpose of federal habeas corpus review is to ensure that individuals are not imprisoned in violation of the United States Constitution.2/.).

For the above mentioned reason this petition should be granted.

Dated: December 12, 2005.

Respectfully Submitted,

Anthony Cabral, pro se
#W-70469
P.O. Box 100
So. Walpole, MA. 02071

CC: file

7004 1350 0001 9658 0144

---

2/   A physician did not give the proper chemicals with books and tells the patient to figure out the proper mixture to cure his disease and if the patient cannot mix the chemicals properly, for him to suffer the disease, the physican is a person who protects the patient and instead of providing him with the chemicals and books to cure his disease the physican provides the proper mixture in a pill form and give it to the patient. The petitioner is a layman and feels like the patient playing with grammer with educated people.

-4-